## Helenthal v. Geller.

*George T. Hambright* and *John E. Malone*, for plaintiff.
*K. L. Shirk*, for defendant.

GROFF, J., July 13, 1929.—This is an action of trespass, wherein plaintiffs seek to recover from defendant certain items of damage which defendant caused through the negligent operation of his automobile on Feb. 18, 1928.

In paragraphs 7, 8 and 9 of plaintiffs' statement they set out the items of damage suffered by reason of defendant's negligence. Defendant raises a question of law by filing a motion and securing a rule to show cause why a more specific statement should not be filed, and gives five reasons why his rule should be made absolute. His second assignment of insufficiency is as follows:

"2. The statement in paragraph 7 avers damage to a number of flowers and plants, lumping a valuation therefor without any valuation on the specific

articles or plants, so that the defendant is unable to determine the value placed by the plaintiff on any of the flowers, plants or articles claimed to have been destroyed."

This is the only assignment that has virtue.

Paragraph 7 of plaintiffs' statement reads as follows:

"7. By reason of said injuries to the plaintiffs' greenhouse, the following plants therein were frozen, killed and destroyed before the plaintiffs, in the exercise of reasonable diligence, were able to repair said greenhouse and the heating plant thereof, viz.: 15,000 geraniums, 300 primroses, 220 cineranians, 1500 tulips, 175 ferns, 125 cigar plants, 25 lilies, 300 asparagus ferns, 200 sprengeri, 50 coleus, 60 begonias, 10 aspidistra, 25 English ivy, 7 flats early asters, 12 Rambler roses and other miscellaneous plants, and, in addition thereto, 3000 tulip bulbs contained in the bed between said greenhouse and the south side of said public road were ruined and destroyed, all of which were of the fair market value of Five Thousand Four Hundred and Ninety-six Dollars and Seventy-five Cents ($5496.75)."

Does that give defendant proper information to enable him to defend?

The Practice Act of May 14, 1915, § 5, P. L. 483, reads: "Every pleading shall contain, and contain only, a statement in a concise and summary form of the material facts on which the party pleading relies for his claim. . . ."

Section 9 of the same act says: "The statement of claim shall be as brief as the nature of the case will admit. . . ."

Section 20 of said act provides: "The defendant in the affidavit of defense may raise any question of law without answering the averments of fact in the statement of claim; and any question of law so raised may be set down for hearing, and disposed of by the court."

We find that Monaghan, J., in Ellsworth v. O'Keefe, 26 Dist. R. 277, in construing the Practice Act above quoted, says: "The statement need not aver the value of each particular item of goods alleged to be lost, destroyed or withheld. The Practice Act of May 14, 1915, P. L. 483, does not change the practice in this respect previously existing, which was that in actions for damages for injuries caused by negligence, the plaintiff was not required to give a particular statement of the amount claimed for each separate item of damages."

In Bilger v. Pennsylvania R. R. Co., 5 D. & C. 762, it was held that "the statement need not aver the value of each particular item alleged to have been destroyed, if it shows substantially the injuries done and the damage sustained."

The above we believe to be a correct interpretation of the statute as ordinarily applied to claims for damages, and it applies to all damages claimed in the present case except those claimed in paragraph seven of the statement.

In that paragraph, plaintiffs claim for sixteen different varieties of plants and bulbs, giving the number of each kind destroyed, and then lump the value at $5496.75. It seems to us that it is an easy matter for plaintiffs to tell what each variety of plant and bulb mentioned in paragraph 7 is worth. We, therefore, decide the question of law raised in assignment No. 2, so far as paragraph 7 of plaintiffs' statement is concerned, in favor of the defendant, and so far as all other assignments of insufficiency are concerned, the question of law is decided in favor of the plaintiffs.

The defendant is given fifteen days from the filing of this opinion to file an amended statement in accordance with this opinion.

From George Ross Eshleman, Lancaster, Pa.